IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Don Boyd, ) | C/A No. 3:11-13-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| City of Columbia; State of South Carolina; and ) | |
| Gary H. Johnson, II, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Don Boyd, ("Plaintiff"), proceeding *pro se*, brings this action alleging violations of his constitutional and civil rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff seeks money damages and certain injunctive relief. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Estelle v. Gamble, 429 U.S. 97 (1976); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978)

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of

this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon, 574 F.2d at 1151, and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal

arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff alleges that he resides within the Defendant "state of South Carolina," and he alleges that the City of Columbia is a "political subdivision of the state of South Carolina." Plaintiff alleges that Defendant Gary H. Johnson, II, "is, or was at the time of injuring Plaintiff, a South Carolina resident or worker regularly commuting and doing business in Columbia, South Carolina as the attorney for Defendants City of Columbia and State of South Carolina."[1] Plaintiff seems to allege that defendants have a "tacit understanding" or conspiracy to "insulate" South Carolina employers and businesses from frivolous lawsuits and indigent lawsuits. Allegedly, defendants operate "kangaroo courts" and throw out cases without regard to fact, law, proof, rules, and the Constitution. Defendants allegedly ensure that "poor and non-whites and 'illegal' citizens and the unrepresented (collectively, 'indigents')" are deprived of fair trials, due process, and meaningful access to courts. Plaintiff seems to allege that the "kangaroo courts" operate in South Carolina at the trial and appellate levels. Plaintiff alleges that he is "indigent" and that he was injured by Defendants' "plot." (See generally Compl, ECF No. 1.)

Plaintiff attempts to provide details about an unidentified court case that he filed in a South Carolina court at the trial level and evidently appealed in the state courts. Essentially, Plaintiff alleges that the trial court judge and city attorney deceived Plaintiff

---

[1] It is not clear whether Plaintiff alleges that Defendant Johnson was employed with either the State of South Carolina or the City of Columbia, or whether one or both of those entities retained Defendant Johnson's services.

about notice of a court hearing, the judge adopted defendant's proposed order and did not request a proposed order from Plaintiff, and the judge refused to grant Plaintiff a new trial or amend the judgment. Plaintiff alleges that on appeal, although he is a pauper, he was twice denied leave to proceed as a pauper without explanation. Plaintiff appears to allege that the South Carolina Supreme Court upheld the South Carolina Court of Appeals' dismissal of Plaintiff's *in forma pauperis* applications, required Plaintiff to pay a $100 filing fee even though he was a pauper, required Plaintiff to provide multiple copies when Plaintiff lacked a working printer, and dismissed his case for contrived reasons.

Plaintiff contends that his alleged facts constitute "civil rights violations, constitutional rights violations including that of Due Process and Equal Protection Clauses of Amendments One and Fourteen of Constitution of the United States, intentional infliction, negligent infliction, conspiracy, conspiracy to deprive civil rights/due process . . . ." Plaintiff seeks money damages of at least $48,000,000.00. Liberally construed, Plaintiff requests an order for injunctive relief that he be permitted "leave to resume or prosecute original claims at my option." (See generally Compl, ECF No. 1.)

## DISCUSSION

Defendant State of South Carolina should be dismissed from this action because the Eleventh Amendment bars claims for damages against the state in this federal court. "State sovereign immunity is a bedrock principle of 'Our Federalism.' " Virginia v. Reinhard, 568 F.3d 110, 115 (4th Cir. 2009) (citation omitted). When the states entered the Union they consented to a system of dual sovereignty and did not agree to become mere appendages of the Federal Government. Id. The Eleventh Amendment to the United States Constitution reflects the foundational principle of sovereign immunity because it divests this Court of jurisdiction to entertain a suit brought against the State of South

Carolina or its integral parts, such as a State agency or department. Id. The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." See e.g., Fed. Maritime Comm. v. S.C. State Ports Auth., 535 U.S. 743, 747 (2002); Bellamy v. Borders, 727 F.Supp. 247, 248-50 & nn.2-3 (D.S.C. 1989); Coffin v. S.C. Dep't of Soc. Serv., 562 F.Supp. 579, 583-85 (D.S.C. 1983); Belcher v. S.C. Bd. of Corr., 460 F.Supp. 805, 808-09 (D.S.C. 1978); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other states against a state, Eleventh Amendment bars suits against a state filed by its own citizens). Under Pennhurst State Sch. & Hosp., a state must expressly consent to suit in a federal district court. Id. The State of South Carolina has not consented to suit in a federal court. See S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Thus, because Plaintiff seeks money damages from Defendant State of South Carolina, it should be dismissed from this action without prejudice.

Defendant Johnson is alleged to have acted as the attorney for the Defendants State of South Carolina and the City of Columbia. To the extent Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and to the extent that Johnson was *not* a state employee, Plaintiff fails to state a cognizable claim against Defendant Johnson because it appears

that he did not act under color of law.[2] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); cf. Vermont v. Brillon, 129 S.Ct. 1283, 1291 (2009) (noting that assigned counsel for a criminal defendant is not ordinarily considered a state actor).

Even if an above-named defendant is subject to being sued by Plaintiff in this lawsuit, this case is barred by the Rooker-Feldman doctrine. This court does not have the power to enter an order to vacate orders or judgments entered by a South Carolina state trial court, the South Carolina Court of Appeals, or the South Carolina Supreme Court in Plaintiff's case(s) before those courts. Where a plaintiff files an action in a United States District Court to seek review and reversal of a state court judgment rendered before the district court proceedings commenced, the claim is barred by the Rooker-Feldman doctrine; only the United States Supreme Court may review state-court decisions. See Davani v. Virginia Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006) (explaining how the expansive interpretation of the Rooker-Feldman doctrine was limited by Exxon Mobile

---

[2] If Plaintiff is alleging that Defendant Johnson was a state employee and Plaintiff is suing him in his official capacity, then this analysis is not applicable. Cf. Tann v. Ludwikoski, No. 10-1380, 2010 WL 3262211, at *1 (4th Cir. Aug. 18, 2010).

Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)); see also Dukes v. Stone, No. 3:08-505-PMD-JRM, 2009 WL 398079, at *4 (D.S.C. Feb. 17, 2009) (explaining that only the United States Supreme Court is empowered with appellate authority to reverse or modify a state court judgment). Here, the crux of Plaintiff's case seems to be seeking an order to overturn alleged wrongful decisions made by several state courts. Plaintiff is not satisfied with his litigation results in the state courts, and he is improperly bringing this action in an attempt to overrule the state court decisions. Cf. In re Genesys Data Tech., Inc., 204 F.3d 124, 127 (4th Cir. 2000) (noting that pursuant to 28 U.S.C. § 1738 all federal courts must give full faith and credit to valid state court judgments). Therefore, this entire action should be dismissed pursuant to the Rooker-Feldman doctrine.

## RECOMMENDATION

The court recommends that the Complaint in this matter be dismissed without prejudice and without issuance and service of process. See Neitzke, 490 U.S. at 324-25; Haines, 404 U.S. 519.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 7, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).