IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Don Boyd, ) | C/A No.: 3:11-13-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| City of Columbia; State of South Carolina; ) | |
| and Gary H. Johnson, II, ) | |
| Defendants. ) | |
| _____) | |

The *pro se* plaintiff, Don Boyd, appears to bring this action alleging violations of his constitutional and civil rights. He claims that Defendant Gary H. Johnson, II acted as an attorney for the City of Columbia and State of South Carolina and that the defendants conspired to protect South Carolina employers from frivolous lawsuits. He claims that he brought an unidentified action in South Carolina state court, and the city attorney, trial judge, and appellate judges conspired to deprive him of fair access to the courts. The plaintiff asserts judges and clerks operate "kangaroo courts" in order to insulate "deep pockets." The plaintiff is requesting $48,000,000 in monetary damages for violations of his constitutional rights and asks for leave to resume or prosecute his original claims.

This matter is before the court for review of the Magistrate Judge's Report and Recommendation (the "Report"). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation. The Report recommends that the action should be summarily dismissed without prejudice and

1

without issuance and service of process for the plaintiff's failure to state a claim upon which relief may be granted.

The plaintiff was advised of his right to submit objections to the Report, which was filed on February 7, 2011. Plaintiff filed timely objections on February 25, 2011 (ECF No. 11).

## I.     Legal Standard

The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

## II.    Discussion

As to the plaintiff's claim for damages against the State of South Carolina, the Eleventh Amendment and sovereign immunity protect states from being subject to lawsuits, so the state cannot be named as a defendant. As to the plaintiff's claim against defendant Johnson, to the extent he was not a state employee, an attorney named in a suit is not amenable to suit because attorneys do not act under color of state law, which is a

jurisdictional prerequisite for a civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976).

Even if one of the named defendants is amenable to suit by the plaintiff, this action is barred by the *Rooker-Feldman* doctrine. The plaintiff is asking this court to sit as an appellate court over decisions made by South Carolina state courts and allow him to retry his case. The *Rooker-Feldman* doctrine prohibits a federal district court from reviewing state court orders. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

The plaintiff objects to the Magistrate's summary of his complaint because "Complaint allegation (sic) is worlds apart from Magistrate (sic) rendering." (ECF No. 11). The plaintiff asserts that the Magistrate, and not the plaintiff, stated that the plaintiff requested appellate review. The complaint is difficult to follow, but it clearly states that he requests "leave to resume or prosecute original claims at [his] option." This court does not have such appellate jurisdiction.

The remainder of the plaintiff's objections center around his disagreement with the Magistrate's statement of the law regarding suits against states. Plaintiff seems to argue that the Eleventh Amendment does not bar claims for damages against states in this court but rather judges across the country mistakenly believe that these types of suits are barred based on tradition and "maxims." He cites to *Milliken v. Bradley*, 433 U.S. 267, 97 S.Ct. 2749 (1977), a case about school desegregation, for the unfounded proposition that the Eleventh Amendment bars the recovery only of "accrued monetary liability" and not awards of

3

punitive damages for constitutional violations. He also cites to *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780 (1971), a case about the constitutionality of requiring a filing fee to obtain a divorce, to show that state consent to suit is not required. He claims that cases falling under clause one of Article III, Section Two of the U.S. Constitution are automatically allowed to proceed in federal court. Unfortunately for the plaintiff, the Eleventh Amendment was passed and prevents suits against states from being litigated without the state's consent.

### III.     Conclusion

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, this action is dismissed without prejudice and without service of process.

IT IS SO ORDERED

August 12, 2011                                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                                         United States District Judge